IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**JEREMY S. BOLDUC**,

        Plaintiff,

v.                                                                                                    No. CIV 09-371 BB/WPL

**BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY; RAYMOND COBOS,**
individually and in his official capacity as Sheriff
of Luna County; **JOHN MOORDIAN**, individually
and in his official capacity as Lieutenant of the
Luna County Sheriff's Department**,**

        Defendants;

**JAMES D. FLORES,**

        Plaintiff,

v.

**BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY; RAYMOND COBOS,**
individually and in his official capacity as Sheriff
of Luna County; **JOHN MOORDIAN**, individually
and in his official capacity as Lieutenant of the
Luna County Sheriff's Department; **ALAN
CARTER,** individually and in his official capacity
as Lieutenant of the Luna County Sheriff's
Department,

        Defendants.

## MEMORANDUM OPINION AND ORDER

        This matter is before the Court for consideration of Defendants' motion to dismiss a claim brought by each Plaintiff (Doc. 11).  After considering the submissions of the parties and the applicable law, the Court will grant the motion and dismiss the claim in question.

**Standard of Review**

In deciding a motion to dismiss, the Court must accept the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *See Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008). The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief. *See id.* A plaintiff does not have to provide detailed facts but the complaint must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007).

**Discussion**

Defendants request dismissal of Count VII of Plaintiffs' complaint. Count VII is a state-law claim based on the tort of retaliatory discharge. According to Defendants, immunity for such a claim is not waived by the New Mexico Tort Claims Act ("TCA"), NMSA §§ 41-4-1 *et seq.* Defendants therefore argue this claim fails as a matter of law. In response, Plaintiffs contends they are not attempting to hold the County liable for this claim, nor are they attempting to hold the individual Defendants liable in their official capacities. Instead, they maintain Count VII is brought only against the individual Defendants in their individual capacities. Such a claim, according to Plaintiffs, can be maintained against the individual Defendants if they were not acting within the scope of their duties when they committed the tort of retaliatory discharge. Plaintiffs add that the question of whether a government employee is acting within the scope of his duties is a question of fact, not law, and should not be decided on a motion to dismiss.

It is not clear whether, in New Mexico, individual supervisors may be held liable for the tort of retaliatory discharge. *See Bourgeous v. Horizon Healthcare Corp.*, 872 P.2d 852, 855 (N.M. 1994). In *Bourgeous*, the New Mexico Supreme Court specifically left "open the question whether a retaliatory discharge claim lies against a supervisor, agent, or coemployee if the firing was an

intentional act done solely for the supervisor, agent, or coemployee's own interest and therefore outside the scope of employment." *Id.* The Supreme Court rejected such a claim to the extent the supervisors were acting within the scope of their employment when they discharged the plaintiff. *Id.* In New Mexico, therefore, if a supervisor can be found liable for a retaliatory discharge at all, it can only happen if the supervisor acted solely in his or her own interest. *Id.*

The Court need not, however, attempt to predict whether New Mexico courts would decide that individual supervisors can be liable in a retaliatory-discharge case. The question in this case is not whether such liability might exist in a situation involving employment in the private sector. Instead, the question facing the Court is whether the individual Defendants in this case, as public employees, are immune from suit for retaliatory discharge, assuming such a tort exists at all with respect to individual supervisors. To answer this question, the Court must examine the specific allegations of the complaint to determine whether, accepting those allegations as true, there is any possibility the TCA would not confer immunity on the individual Defendants in this case.

Plaintiffs rightly acknowledge that the TCA does not waive immunity for claims of retaliatory discharge. Plaintiffs also rightly acknowledge that, to the extent the individual Defendants were acting within the scope of their duties, the TCA grants them immunity on the retaliatory-discharge claim. *See* NMSA § 41-4-4 (granting immunity to any public employee acting within the scope of duty, except to the extent such immunity is waived by other provisions of the TCA). The crucial issue in this case, therefore, is whether under any possible construction of the allegations of the complaint the individual Defendants could be found to have been acting outside the scope of their duties.

As noted above, in the retaliatory-discharge context the New Mexico Supreme Court has suggested that a supervisor might be acting outside the scope of his employment if he acted solely in his own interest in discharging the employee. *Bourgeous, supra*. However, the statutory scope-of-duties standard established by the TCA is far broader than the common-law scope-of-employment

test mentioned in *Bourgeous,* and covers many more types of actions than does the latter test. *See Celaya v. Hall*, 85 P.3d 239, 245 (N.M. 2004). If a government employee performs an act that in any way arises from duties he is requested, required, or authorized to perform, it does not matter if he performs that act out of malice, or tortiously, or in a criminal manner; the TCA will still afford him immunity for that act, provided none of the waivers of immunity found in the TCA apply. *See Seeds v. Lucero*, 113 P.3d 859, 862 (N.M. App. 2005); *Risk Mgmt. Div. v. McBrayer,* 14 P.3d 43, 47 (N.M. App. 2000).

In this case Plaintiff Bolduc has alleged that Defendant Cobos was the Sheriff of Luna County and his superior, and discharged him for discriminatory and retaliatory reasons. Plaintiff Bolduc has also alleged that Defendant Moordian was a Lieutenant with the Sheriff's Department, was his superior, suspended him for discriminatory and retaliatory reasons, and supported and encouraged his termination. There is no way to construe these allegations except to aver that these Defendants' actions were connected to and arose out of their official duties. Firing or suspending an employee, and supporting or encouraging such actions, are part and parcel of being in a supervisory position. It may be true that Cobos and Moordian performed these actions out of personal malice toward Plaintiff Bolduc, and with discriminatory intent; that does not matter insofar as the TCA's grant of immunity is concerned. *See Seeds; McBrayer.* As a matter of law, therefore, Defendants Cobos and Moordian are immune from suit on Plaintiff Bolduc's claim of retaliatory discharge.

The same analysis applies to Plaintiff Flores' claim for retaliatory discharge; the only difference is that he has brought this claim against an additional Defendant, Alan Carter. Defendant Carter is also alleged (at least in the caption of the complaint) to be a Lieutenant in the Sheriff's Department, although there is no other allegation indicating whether he was Plaintiff Flores' superior. Like Defendant Moordian, Defendant Carter is accused of supporting and encouraging the termination of Plaintiff Flores' employment. As was the case with Defendant Moordian, a

Lieutenant with the Sheriff's Department would certainly be authorized to provide input on employment matters. Again, it does not matter whether he provided that input out of malice, with discriminatory intent, or out of retaliatory motives, or abused his position in doing so; since the input was connected to his duties, the TCA grants him immunity as a matter of law for any retaliatory discharge allegedly caused by that input. *See Seeds; McBrayer*.

The Court agrees with Plaintiffs that generally, the scope-of-duties issue should be decided as a matter of fact and not law. However, under the specific allegations of the complaint filed in this case, a reasonable fact-finder could not decide that the individual Defendants were acting outside the scope of their duties in connection with Plaintiffs' discharges. For that reason, it is appropriate to dismiss the retaliatory-discharge claim at this early stage of the proceedings rather than waiting for further factual development. *See Pace v. Swerdlow, supra,* 519 F.3d at 1073 (allegations in complaint must plausibly support a legal claim for relief to avoid dismissal).

### ORDER

A memorandum opinion having been entered this date, it is hereby ORDERED that Defendants' motion to dismiss (Doc. 11) is GRANTED and Count VII of the complaint is DISMISSED.

Dated this 4th day of January, 2010.

_____
BRUCE D. BLACK
United States District Judge