# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JEREMY S. BOLDUC,

        Plaintiff,

v.                                              CV 09-0371 BB/WPL

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, ET AL.,

        Defendants.

                                                          *consolidated with*

JAMES D. FLORES,

        Plaintiff,

v.                                              CV 09-0411 BB/WPL

BOARD OF COUNTY COMMISSIONERS
OF LUNA COUNTY, NEW MEXICO, ET AL.,

        Defendants.

**ORDER**

In its first set of interrogatories, Defendant County of Luna asked Plaintiffs to provide information about any other legal proceedings to which they had been parties. Plaintiffs did not make any express objections to these interrogatories. They answered by stating that they filed EEOC claims against the Village of Columbus in 2008, that the claims were settled, and that the settlement agreements were confidential, preventing disclosure of the settlement amount and other details. (Doc. 38 Ex. A, B.) On March 29, 2010, Plaintiffs provided supplemental answers to the interrogatories, stating that a provision in the settlement agreements required that the agreements

be kept confidential and further stating that they would seek a protective order to prevent disclosure of the agreements. (*Id.* Ex. D, E.) That same day, March 29, 2010, Defendant filed a motion to compel, seeking, among other things, discovery regarding the settlement agreements. (Doc. 38.) Plaintiffs failed to seek a protective order or respond to the motion to compel. On April 23, 2010, I granted the motion to compel and ordered Plaintiffs to provide complete responses to the interrogatories by May 7, 2010. (Doc. 43.)

On May 21, 2010, Plaintiffs filed their motion for a protective order, seeking to prevent disclosure of information or documents related to the settlement agreements. (Doc. 53.) Attached to the motion are redacted copies of the agreements, each of which states, "This Agreement shall be kept confidential by all parties except as required by law." (*Id.* Ex. 1.) On May 24, 2010, Defendant County of Luna filed a response, arguing that the motion is moot because Plaintiffs have already been ordered to provide the information that is the subject of the motion. (Doc. 55.) Plaintiffs' reply was due on June 10, 2010. *See* D.N.M.LR-Civ. 7.4(a). To this date, no reply has been filed; thus, the motion is ripe for a ruling. *See* D.N.M.LR-Civ. 7.1(b). ("The failure to file and serve a reply in support of a motion within the time prescribed for doing so constitutes consent that briefing on the motion is complete.").

A "court may, for good cause, issue an order to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense . . . ." FED. R. CIV. P. 26(c)(1). The bar for issuance of a protective order is high. *Minter v. Wells Fargo Bank*, 258 F.R.D. 118, 125 (D. Md. 2009). If the discovery sought is relevant, the party moving for a protective order bears the burden of showing good cause. *Dove v. Atl. Capital Corp.*, 963 F.2d 15, 19 (2nd Cir. 1992).

Here, Plaintiffs have never maintained that the settlement agreements are irrelevant. They simply argue that the settlements are confidential. Plaintiffs had ample opportunity to raise this

2

argument before I granted the motion to compel. In failing to respond to the motion to compel, Plaintiffs consented to the motion. *See* D.N.M.LR-Civ. 7.1(b); *cf. Cardenas v. Dorel Juvenile Group, Inc.*, 232 F.R.D. 377, 380 n.15 (D. Kan. 2005) ("When ruling upon a motion to compel, the Court will consider only those objections that have been (1) timely asserted, and (2) relied up[on] in response to the motion to compel. Objections initially raised but not relied upon in response to the motion to compel will be deemed abandoned." (internal citations omitted)). They were ordered to provide complete responses to the interrogatories by May 7, 2010. Plaintiffs cannot avoid disclosure by seeking a protective order weeks after the responses were due. Accordingly, I will not grant a protective order to prohibit discovery of information regarding the settlement agreements. However, because the interests of a third party (the Village of Columbus) are also at stake, discovery of the information must be made pursuant to the terms of a confidentiality agreement negotiated by the parties. Although the deadline set forth in my order granting the motion to compel has already expired, I will allow Plaintiffs time to negotiate the confidentiality agreement. Complete responses to the interrogatories must be provided no later than **July 2, 2010**.

     IT IS SO ORDERED.

*(signature)*
WILLIAM P. LYNCH
UNITED STATES MAGISTRATE JUDGE

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.